UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| BEATRICE MALONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 1:12-CV-213-TLS |
| | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Beatrice Malone, a Plaintiff proceeding pro se, has filed a Complaint [ECF No. 1] against the Commissioner of Social Security, and has also filed an Application to Proceed in District Court Without Prepaying Fees of Costs [ECF No. 2], seeking leave to proceed *in forma pauperis*.

**DISCUSSION**

Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal statute governing proceedings *in forma pauperis*, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To authorize a litigant to proceed *in forma pauperis*, a court must make two determinations: (1) whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and (2) whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor." 28 U.S.C. § 1915(a). The Plaintiff's Application contains detailed information regarding her financial condition, but the Court will not address the issue of the Plaintiff's ability to pay because the second inquiry will require the Court to deny her Application and dismiss her Complaint without prejudice.

In assessing whether a plaintiff may proceed *in forma pauperis*, a court must look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). District courts have the authority under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint that fails to state a claim upon which relief can be granted. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000).

In reviewing the sufficiency of a complaint, the court accepts the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). After excising the allegations not entitled to the presumption, the court should determine whether the remaining factual allegations, assuming their veracity, "plausibly give rise to an entitlement to relief." *Id.* at 679. The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). That

is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557.

The Complaint here is inadequate because it does not contain information that plausibly gives rise to an entitlement to relief, such as the date when her administrative remedies were exhausted, and the factual grounds upon which her claim to relief rests. The Complaint provides the Plaintiff's social security number, but leaves blank the space for the date when the Appeals Council denied her application for benefits. The Plaintiff and also leaves blank the portion of the Complaint that would have provided notice to the Defendant of the factual basis for the legal conclusion that the Commissioner's decision to deny the Plaintiff's application was erroneous and was not supported by substantial evidence in the administrative record.

Even presuming all well-pleaded allegations to be true and viewing them in the light most favorable to the Plaintiff, and accepting as true all reasonable inferences to be drawn from the allegations, the Plaintiff's factual allegations are not enough to raise the Plaintiff's right to relief above the speculative level. Therefore, the Plaintiff's request to proceed without prepayment of fees will be denied, and the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice because the Plaintiff may be able to cure the deficiencies in the Complaint.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Plaintiff's Application to Proceed Without Prepaying Fees or Costs [ECF No. 2] and DISMISSES WITHOUT PREJUDICE the Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court GRANTS the

3

Plaintiff up to and including July 30, to file an amended complaint, accompanied by either the statutory filing fee or another Application to Proceed Without Prepayment of Fees or Costs. If the Plaintiff fails to amend her Complaint within the time allowed, the Clerk will be directed to close this case without further notice to the Plaintiff.

    SO ORDERED on June 29, 2012.

                                                   s/ Theresa L. Springmann  
                                                   THERESA L. SPRINGMANN  
                                                   UNITED STATES DISTRICT COURT